UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR POLANCO-CABRERA, : | |
| : | |
| Plaintiff, : | Civ. No. 15-6357 (RBK) (KMW) |
| : | |
| v. : | |
| : | **OPINION** |
| UNITED STATES OF AMERICA, et al., : | |
| : | |
| Defendants. : | |
| : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On September 8, 2015, this Court administratively terminated this case as plaintiff had not paid the filing fee and had not submitted an application to proceed *in forma pauperis*. Subsequently, plaintiff submitted an application to proceed *in forma pauperis*. Therefore, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein. For the reasons that follow, this matter will be transferred to the United States District Court for the Middle District of Florida.

## II.  BACKGROUND

Plaintiff names three defendants in this action: (1) the United States; (2) William Bechtold – Warden FCC Coleman; and (3) Physician's Assistant Morales – employed at FCC Coleman. Plaintiff's complaint relates to the medical care (or lack thereof) he received on his ear

while he was an inmate at FCC Coleman. FCC Coleman is a prison facility located within the Middle District of Florida.

### III.    DISCUSSION

Typically, at this time, this Court would screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. However, because venue is not proper in this District based on the allegations of the complaint, the action will be transferred to a court where venue is proper before this Court screens the complaint.

The applicable venue statute in this action is 28 U.S.C. § 1391(b) which states as follows:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property the is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.; see also Pennello v. United States,* No. 11–6964, 2011 WL 6097771, at *3 (D.N.J. Dec.6, 2011) (noting that proper venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b)). Plaintiff does not state where any of the defendants reside. Presumably, however, the defendants reside in the Middle District of Florida where FCC Coleman is located. Furthermore, the events giving rise to the allegations in the complaint occurred in the Middle District of Florida. There are no allegations in the complaint (besides plaintiff's current place of incarceration) that took place in New Jersey. Therefore, this Court finds that the Middle District of Florida is the proper venue for this case. The Clerk will be ordered to transfer this case to that district.

## IV.    CONCLUSION

For the foregoing reasons, this case will be transferred to the United States District Court for the Middle District of Florida. An appropriate Order will be entered.


DATED:   October 13, 2015

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
